UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SNYDER,<br><br>             Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>             Defendant. | No. 2:21–cv–1487–WBS–KJN<br><br>ORDER<br><br>(ECF No. 11.) |

      Presently before the court is plaintiff Kenneth Snyder's motion to compel from defendant Union Pacific Railroad Company ("Union Pacific"), further responses to four requests for production of documents ("RFPs"). (ECF No. 11.) The parties filed a Joint Statement regarding the discovery disagreement, and the motion was re-noticed for a hearing before the undersigned on September 27, 2022. (ECF Nos. 11, 12.) After reviewing the Joint Statement, the court determines this matter is suitable for resolution without oral argument, see E.D. Cal. L. R. 230(g), and therefore vacates the September 27, 2022, hearing. For the following reasons, the court GRANTS plaintiff's motion to compel.

      Plaintiff brought this suit in August 2021, asserting a single cause of action for violation of the whistleblower protections of the Federal Railroad Safety Act, 49 U.S.C. § 20109, based on plaintiff's termination after reporting an on-duty injury he suffered on November 19, 2019, while

1

working as a conductor for Union Pacific.  (ECF No. 1.)  Plaintiff claims he was terminated in retaliation for reporting this on-duty injury, and that Union Pacific's stated reason for the termination—that plaintiff was dishonest in describing the injury in his reports—was pretext.  (Id. ¶¶ 8-10, 12, 14.)  Discovery is currently set to close on January 13, 2023.  (ECF No. 9.)

In this motion, plaintiff seeks to compel further responses and document production for RFPs 21, 22, 24, and 25, part of plaintiff's First Set of RFPs, served on defendant on March 30, 2022.  (ECF No. 12 ["JS"] at 2.)  Plaintiff granted defendant five extensions of time to respond, and the parties met and conferred regarding defendant's responses and objections to these and other RFPs (successfully resolving some issues).  (Id. at 2-3.)

**RFPs 21 & 22**

RFPs 21 and 22 request documents pertaining to defendant's training of supervisory personnel regarding (#21) "the proper handling of on-duty injury reports from employees" and (#22) "how to investigate on-duty injuries."  (JS at 4-5.)  Defendant objected to each request by simply stating "Defendant objects that this request is vague, ambiguous, overbroad, and not relevant or proportional to the needs of the case."  (Id.)

These boilerplate objections contain nowhere near the level of specificity and explanation required by the Federal Rules.  See Fed. R. Civ. P. 34(b)(2)(B) (objecting party must "state with specificity the grounds for objecting to the request, including the reasons").  Defendant argues in the Joint Statement that (1) these requests are overbroad because (a) they contain no limitation as to time or location, and defendant employs over 30,000 employees nationwide, and (b) they are directed not only to defendant itself but also defendant's agents, employees, and investigators; and (2) that the term "supervisory personnel" is vague and ambiguous.[1]  (JS at 5, 6.)  Defendant gives no response to plaintiff's proposal to narrow the scope of its request, which the court finds adequately addresses these concerns.

///

///

---

[1]  Defendant is cautioned that in future these reasons should appear in the discovery responses themselves.

2

Accordingly, **within 21 days** of this order, defendant SHALL serve amended responses and documents responsive to RFPs 21 and 22, which are hereby MODIFIED to request:

**#21)** All DOCUMENTS pertaining to written or oral training regarding the proper handling of on-duty employee injury reports, which training was received by any managers involved with Plaintiff's November 19, 2019 on-duty injury report prior to that date. These managers include, without limitation, George Curtis Young, Jonathan Bagwill, Jonathan Petrey, Matthew Fultz, Mark Redd, and Thomas Cook, Sr.

**#22)** All DOCUMENTS pertaining to written or oral training on how to investigate on-duty injuries, which training was received by any managers involved with Plaintiff's November 19, 2019 on-duty injury report prior to that date. These managers include, without limitation, George Curtis Young, Jonathan Bagwill, Jonathan Petrey, Matthew Fultz, Mark Redd, and Thomas Cook, Sr.

**RFP 24**

RFP 24 requests "[a]ll audio recordings of any communications between PLAINTIFF and DEFENDANT from the date of the INCIDENT to the present." (JS at 6.) Defendant again responded with the same boilerplate sentence as above, adding that without waiving the objections, "defendant has produced the dispatch audio recording relevant to the subject incident. See UPRR 0933." (Id.)

In addition to the above-discussed boilerplate defects, the court agrees with plaintiff that this response impermissibly fails to state "whether any responsive materials are being withheld on the basis of [any] objection." Fed. R. Civ. P. 34(b)(2)(C). Defendant's only argument offered in the Joint Statement is that it is still searching for additional responsive recordings. (JS at 6.) It is now six months since plaintiff propounded this request, and defendant gives no explanation for the delayed production, nor any estimate of how much more time is needed.

Accordingly, **within 21 days** of this order, defendant SHALL either (A) produce all additional responsive recordings, along with an amended response to RFP 24, or (B) serve an amended response to RFP 24 stating that no other responsive recordings exist and describing the methods used to search for such recordings.

**RFP 25**

Finally, RFP 25 requests "[a]ll correspondence, emails, and text messages sent to or received by DEFENDANT's managers, including John Petrey, Mark Redd, Matthew Fultz, Matthew Hall, George Curtis Young, Thomas Cook, and Jonathan Bagwill, pertaining to PLAINTIFF or the INCIDENT from the date of the INCIDENT to the present." (JS at 7.) Defendant asserted the same boilerplate objections, with an additional objection "to the extent [the request] seeks documents protected by the attorney-client privilege and attorney work product doctrine." (Id.)  Defendant explained its overbreadth objection was based on the request for "all" correspondence, emails, and texts "pertaining to plaintiff." (Id.)

Defendant states in the Joint Statement that the "search for the requested ESI has taken longer than anticipated, but defendant continues to work on locating responsive documents." (Id.)  Defendant says it is working with its IT team to narrow the original search terms, which yielded an "excessive amount" of hits, "including numerous irrelevant hits." (Id.)  Defendant further promises to produce responsive, non-privileged documents once they have been obtained and reviewed.  (Id.)

It is unclear whether defense counsel is working cooperatively with plaintiff's counsel to determine mutually agreeable search terms, but plaintiff seems to reassert his offer to limit the scope of the request to communications to/from those managers who were actually involved with his on-duty injury report.  (Id., incorporating by reference Plaintiff's Position on RFP 21.) Plaintiff does not specify what relief he seeks with regard to the present response to RFP 25.  The court agrees with plaintiff's observation that generalized claims of privilege are insufficient; however, plaintiff does not request an order finding the asserted privileges waived, nor is the court inclined to order such waiver on this record.

Rather, as to RFP 25 the court makes the following ORDER, which may be independently modified with the written consent of each party's counsel:

1. If they have not already done something similar, opposing counsel shall set a mutually convenient time **within 14 days** of this order to engage in voice-to-voice negotiations regarding the ESI search terms to be used—ideally with a member of defendant's IT

4

team available to run real-time test searches;

2. **Within 35 days** of this order, defendant shall produce all documents responsive to RFP 25, as narrowed by the parties' mutual agreement. If defendant withholds any documents from that production (or redacts documents) on the basis of attorney-client or other privilege, it shall contemporaneously serve a privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5).

Finally, the parties are reminded that the undersigned is available for informal discovery conferences for relatively straightforward disputes like the present one.

## **ORDER**

Accordingly, it is HEREBY ORDERED that plaintiff's motion to compel (ECF No. 11) is GRANTED under the terms set forth above; and the September 27, 2022 hearing on the motion is VACATED.

Dated:  September 14, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cox.1487